UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN BADALAMENTI,

                              Plaintiff,

                -against-                            **REPORT AND**
                                                            **RECOMMENDATION**
COUNTRY IMPORTED CAR CORP. d/b/a          CV 10-4993 (SJF) (WDW)
BMW OF THE HAMPTONS AND MINI OF THE
HAMPTONS, LOCAL 210 UNITY WELFARE
FUND, TRUSTEES OF LOCAL 210 UNITY
WELFARE FUND, DOMINICK FORMISANO as
Plan Administrator of Unity Welfare Fund, MICHAEL
CARUSO and VINCENT CARUSO,

                              Defendants.
------------------------------------------------------------------X
**WILLIAM D. WALL, United States Magistrate Judge:**

      Before the court on referral from District Judge Feuerstein is a motion to dismiss the Complaint and Amended Complaint pursuant to Rule 12(b)(6) submitted by defendant Local 210 Unite Welfare Fund, Trustees of Local 210 Unity Welfare Fund, and Dominick Formisano as Plan Administrator of the Unity Welfare Fund (collectively, "the Fund" or "Fund defendants"). *See* Docket Entry ("DE") [8]. The motion is opposed by the plaintiff John Badalamenti. DE [14]. The remaining defendants, Country Imported Car Corp. d/b/a BMW of the Hamptons and Mini of the Hamptons, Michael Caruso and Vincent Caruso (collectively, "the employer" or "employer defendants") have not appeared in this action, nor have they submitted any papers regarding this motion.[1] For the reasons set forth herein, I recommend that the motion be denied.

---

[1]Plaintiff's motions for default judgment against Vincent Caruso and Michael Caruso have also been referred to me for Report and Recommendation. That Report will issue separately.

## BACKGROUND

The following facts are taken from the Amended Complaint and are presumed true for purposes of this motion. Plaintiff began work as a salesman at Country Imported in May 1998. Amended Complaint ("Am. Compl.") ¶33, DE [3]. Country Imported was party to a Collective Bargaining Agreement ("CBA") that provided benefits to Country Imported employees including union membership and participation in the Fund. Am. Compl. *Id.* ¶20. Defendants Vincent Caruso and Michael Caruso were principals of Country Imported. *Id.* ¶¶26-27. The CBA required Country Imported to make monthly contributions to the Fund. *Id.* ¶36. Plaintiff was a member of the Local 210 Union and a participant in the Fund. *Id.* ¶37. Country Imported deducted amounts from plaintiff's paychecks, which were noted on the paycheck as "CAFÉ-SINGLE" OR "CAFÉ," to be forwarded to the Fund as contributions. *Id.* ¶38.

On or about August 12, 2009, the Fund, which is self-insured, sent a letter to Country Imported's employees advising them that County Imported had failed to make required contributions for the past 153 days and that their health benefits were suspended. *Id.* ¶39. The letter further advised the employees of their right to elect continuation of their benefits under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §1161 *et seq. Id.*

Plaintiff was laid off from his position on October 13, 2009, and rehired by Country Imported on October 17, 2009. *Id.* ¶¶40-41. On October 14, 2009, Country Imported notified the Fund that plaintiff had been laid off. Qualifying Event Notification Form, Am. Compl. Ex. A. There is no indication in the Amended Complaint or its attachments as to whether the Fund was notified upon plaintiff's re-hiring. Plaintiff's paychecks, however, continued to show deductions noted as "CAFÉ-SINGLE" OR "CAFÉ" ostensibly as contributions to the Fund. Am.

Compl. ¶¶43, 45.

On or about November 23, 2009, plaintiff issued a check in the amount of $508.43 made payable to Local 210 Unity Welfare Fund as a COBRA premium payment for the month of November 2009. *See* Am. Compl. ¶42 & Check, Ex. A. On November 25, 2009, Country Imported provided plaintiff with a refund of this COBRA payment. Am. Compl. ¶44. Based on the refund and the continuation of weekly deductions from his paycheck for contributions to the Fund, plaintiff alleges that he "reasonably believed he had health care coverage under the Plan." *Id.* ¶45. In addition, plaintiff claims that Country Imported's principals Michael Caruso and Vincent Caruso, as well as the Welfare Fund Plan Administrator Dominick Formisano, all "knew or reasonably should have know of Plaintiff's expectaion of coverage, since he requested time off from work for surgery and told employees" of both Country Imported and the Fund that he was about to have heart surgery. *Id.* ¶¶46-48.

In December 2009, plaintiff sought pre-operative care, *id.* ¶49, and the Fund paid at least $7,670.30 of those claims in January 2010, *id.* ¶65. Plaintiff underwent surgery in January 2010. *Id.* ¶50. In March 2010, plaintiff was advised by a medical provider that his claim for benefits was denied by the Fund. *Id.* ¶51. On April 19, 2010, plaintiff's counsel wrote to the Fund seeking an explanation for the denial of coverage. *Id.* ¶52. The Fund's response dated April 26, 2010 indicated that the claim was denied because plaintiff's employer failed to make contributions, and plaintiff failed to pay the COBRA premiums for December or January. *Id.* ¶53.

In August and September 2010, plaintiff's counsel sent additional letters to the Fund. On August 19th, a letter was sent by certified mail and facsimile asking for a "Certificate of

Creditable Coverage," and on September 24th, a letter was sent by certified mail requesting copies of Plan Documents and other Plan information. *Id.* ¶54. Both certified letters were marked "refused" and returned to sender. *Id.*

The complaint was filed on October 29, 2010 and alleged six causes of action. Compl., DE [1]. On November 17th, the Fund's counsel requested additional time to answer the complaint, and provided a Certificate of Credible Coverage with COBRA notice. Am. Compl. ¶61. The Certificate indicated that plaintiff's coverage ended on October 31, 2009, and that he received COBRA coverage through November 30, 2009. *Id.* ¶62. Plaintiff's counsel advised the Fund's counsel that there was a discrepancy in coverage since the Fund had covered payment of medical procedures performed in December 2009. *Id.* ¶63. On or about November 24, 2010, plaintiff received copies of three letters sent by the Fund to three of his medical providers asking for refunds of amounts paid erroneously in January 2010 for services provided in December 2009. *Id.* ¶65. Plaintiff claims that the refund letters were issued as a direct result of his lawsuit, and amended his complaint to add a cause of action against the Fund for 'retaliation' for his inquiry into his benefits and his commencement of the lawsuit. *Id.* ¶67.

The Amended Complaint contains seven causes of action. The five claims at issue in this motion are brought pursuant to the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 *et seq*. The remaining two claims are made against the employer defendants only and are not impacted by this motion.

## DISCUSSION

**I. Legal Standard For Motion To Dismiss**:

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, the court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.,* 421 F.3d 96, 100 (2d Cir. 2005). The plaintiff must satisfy "a flexible 'plausibility standard." *Iqbal v. Hasty,* 490 F.3d 143, 157 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal,* ___ U.S. ___ , 129 S. Ct. 1937 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 563 (2007). The court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Post-*Twombly,* the court must still assume that well-pleaded factual allegations set forth in a complaint are true and draw all inferences in favor of the non-moving party, *see, e.g., Holmes v. Poskanzer,* 2009 WL 2171326, at *1 (2d Cir. Jul. 21, 2009), but those factual allegations must be enough to "'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Williams v. Berkshire Fin. Grp. Inc.*, 491 F. Supp. 2d 320, 324 (E.D.N.Y. 2007) (quoting *Twombly*, 550 U.S. at 555); *see also ATSI Commc'n, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007).

In deciding a motion to dismiss, the court generally may consider the facts stated in the complaint and "[d]ocuments that are attached to the complaint or incorporated in it by reference." *Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007). In addition to the attachments to the complaint, defendants have submitted various documents upon which they rely to refute the factual contentions contained in the Amended Complaint. In this Circuit, it is clear that as to documents and additional evidence submitted in support of a motion to dismiss under Rule

5

12(b)(6), "a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all parties the opportunity to present supporting materials." *Friedl v. City of New York,* 210 F.3d 79, 83 (2d Cir. 2000) (internal quotations omitted). The court is not, however, "obliged to convert a 12(b)(6) motion to one for summary judgment in every case in which a defendant seeks to rely on matters outside the complaint in support of a 12(b)(6) motion; it may, at its discretion, exclude the extraneous material and construe the motion as one under Rule 12(b)(6)." *United States v. Int'l Longshoremen's Ass'n,* 518 F. Supp. 2d 422, 450 (E.D.N.Y. 2007) (citing *Friedl,* 210 F.3d at 83); *see also Carione v. United States,* 368 F. Supp. 2d 186, 191 (E.D.N.Y.2005) ("Federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion, and thus complete discretion in determining whether to convert the motion to one for summary judgment" (internal citations omitted)).

As the extraneous material is unlikely to facilitate disposition of the action, I find that the motion to dismiss in this case is not appropriately converted to one for summary judgment. As such, I have considered the attachments to the Amended Complaint as well as those documents incorporated into the Amended Complaint by reference, and have not considered "extraneous material improperly submitted" by defendants on their motion to dismiss. *See generally Hanlon v. Gliatech, Inc.,* 2008 WL 4773430, at *1 (E.D.N.Y. Oct. 27, 2008) (citation omitted).

Turning to the motion, I note as a threshold matter that the bulk of the Fund's arguments pertain to whether plaintiff was entitled to coverage under COBRA, as they claim that plaintiff is trying to blame them for his own failure to verify coverage under COBRA. What they do not

6

address, however, is plaintiff's allegations that, based upon the payroll deductions for Fund membership, and his communication with plan administrator Formisano regarding his coverage and his upcoming surgery, he was covered by the Fund as an employee of Country Imported. Simply put, plaintiff in the Amended Complaint is seeking coverage as a rightful participant of the Fund and not merely as an insured through COBRA.

## II. Failure to Provide Information

Under ERISA, liability may be imposed upon a plan administrator who "fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary." 29 U.S.C. §1132(c). The Fund defendants argue that this claim should be dismissed because plaintiff received all documents he requested. Mem. at 4. They also claim that plaintiff's attorney was provided with the Summary Plan Description ("SPD"), a certificate of credible coverage, and the COBRA notice. *Id.* The amended complaint alleges that at least two of plaintiff's requests for documents were completely ignored by the Fund as they refused to accept delivery of the requests sent by certified mail. Am. Compl. ¶54.

Defendants' argument is not that the administrator was not required to provide the documents or that plaintiff was not entitled to them[2], but rather that they actually provided

---

[2]Defendants belatedly argue, based on the definition of "participant" set forth in *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 117 (1989) and *Saladino v. I.L.G.W.U. Nat'l Retirement Fund,* 754 F.2d 473, 476 (2d Cir. 1985) that plaintiff is not a "participant" in the plan because he is neither a current employee or a former employee with a reasonable expectation of returning to work and thus does not have standing to bring suit. *See* Reply Mem. at 1-2. Although I need not address this argument as it was raised by defendants for the first time in their reply papers, I note that defendants fail to explain why plaintiff is not a "participant" by way of being a former employee with a colorable claim to vested benefits.

plaintiff with the requested materials. This is a factual dispute, not a legal one, and thus not an appropriate grounds for dismissal. It is recommended that defendants' motion to dismiss this claim be denied.

### III. Failure to Pay Benefits

Defendants claim that plaintiff's claim to recover unpaid benefits must be dismissed as he failed to exhaust administrative remedies. According to defendants, the Fund's Plan provides for an appeal process and a second level of appeal by arbitration, neither of which plaintiff attempted.

ERISA provides that a participant may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. §1132(a)(1)(B). Although there is no statutory requirement that a plaintiff exhaust administrative remedies, this Circuit has "recognized a 'firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases.'" *Paese v. Hartford Life & Accident Ins. Co.,* 449 F.3d 435, 443 (2d Cir. 2006) (quoting *Kennedy v. Empire Blue Cross & Blue Shield,* 989 F.2d 588, 594 (2d Cir. 1993)). However, "a failure to exhaust ERISA administrative remedies is not jurisdictional, but is an affirmative defense." *Paese,* 449 F.3d at 446. This holding "does not remove the requirement that the plaintiff exhaust his administrative remedies." *Egan v. Marsh & McLennan Cos.,* 2008 WL 245511, at *10 (S.D.N.Y. Jan. 30, 2008). While the failure of a plaintiff to exhaust does not impose a jurisdictional bar upon this court, it may be raised as an affirmative defense in a pre-answer motion to dismiss. *See Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 74 (2d Cir. 1998).

Although plaintiff did not exhaust his remedies, there are circumstances under which a plaintiff may be excused from the requirement. Clearly, a plaintiff must be made aware of his right to appeal a determination. *See, e.g., Strom v. Fiegel Fenchel & Peddy P.C. Profit Sharing Plan,* 497 F.3d 234, 245-46 (2d Cir. 2007). In addition, a plaintiff may be excused from exhausting administrative remedies where such appeals would have been futile. *See Kennedy,* 989 F.2d at 594. Plaintiff argues both that he was denied access to administrative procedures and that any such appeal would have been futile.

Plaintiff argues that he was effectively denied meaningful access to the appeals process by defendants' failure to apprise him of his administrative review rights. In addressing this argument, defendants simply rely upon their argument that plaintiff must have possessed a copy of the SPD setting forth the appeal process. Reply Mem. at 7. As discussed *supra,* there is a question of fact as to whether plaintiff was in possession of the SPD. In addition, it is notable that the first letter sent to plaintiff's counsel does not suggest that plaintiff had a right to appeal. Indeed, given defendants' position that the denial of benefits was based solely upon plaintiff's failure to maintain his COBRA coverage, it is questionable whether even the *defendants* believed he had any right to appeal under the SPD. The denial at issue was not the denial of a claim, which is the clear subject of the review process in the SPD, but rather a denial of any coverage whatsoever.

Even assuming *arguendo* that plaintiff was aware of any administrative remedies, it is clear that such an appeal would have been futile. It is apparent from the letters attached to the complaint as well as defendants' arguments on this motion that the Fund's position is that the claims were denied solely on the basis of plaintiff's failure to pay premiums under COBRA. The

9

letter from the Fund's counsel dated April 26, 2010 clearly indicates that the determination to deny benefits was founded solely upon the cessation of COBRA premiums beyond November 2009. *See* Am. Compl., Ex. A. There is no suggestion that defendants would consider plaintiff's contention that as a consequence of his re-hiring, he was entitled to benefits as an active participant in the Plan. It is further alleged that the Fund refused delivery of two certified letters from plaintiff's counsel, thus effectively closing potential avenues of review.

In denying plaintiff his benefits, the Fund took the unequivocal position that the decision was based upon operation of law under COBRA, not by operation of the Plan provisions for claims review, and further did not specifically advise him of any right to appeal under that circumstance. In addition, it allegedly took affirmative actions preventing plaintiff from gaining more information regarding the denial of coverage. Under these circumstances, I recommend a finding that this claim be excepted from any exhaustion requirement and that defendants' motion to dismiss this claim be denied.

### IV. Breach of Fiduciary Duty

Plaintiff asserts two causes of action under sections 502 and 409 of ERISA, alleging that the Fund defendants have breached their fiduciary responsibilities. In the third cause of action, plaintiff claims, apparently on behalf of all Fund participants, that the Fund defendants have breached their fiduciary duties to the Fund as a whole. The fourth cause of action alleges that the Fund defendants have breached their duties owed to plaintiff individually.

#### A. Breach of Fiduciary Duty Owed to all Fund participants

Plaintiff claims that defendants Formisano and the Fund Trustees knew or should have known that Country Imported ceased making contributions to the Fund, and that those defendants

breached their fiduciary duties to the Fund participants by failing to compel County Imported to pay delinquent contributions. He seeks relief under §409 of ERISA that provides in part that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each breach." 29 U.S.C. §1109. Defendants acknowledge that a plan participant may bring an action, but that such claims are "brought in a representative capacity on behalf of the plan." *Mass. Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 142 n.9 (1985). They summarily state that the Amended Complaint "on its face does not seek to make the participants of the Fund whole but rather this claim was added with the intent to harass the Fund Defendants." Mem. at 6-7. To the contrary, the Amended Complaint alleges that the Caruso defendants converted the payroll deductions to their own use, and that the Fund's failure to redress the Carusos' actions constitutes a breach of fiduciary duty. Am. Compl. ¶¶56-59. The Amended Complaint seeks appropriate relief to "make restitution to the plan for losses resulting from the breach" and other relief. *Id.* ¶87.

In further support of the motion, defendants have submitted extraneous documents such as the copy of the judgment obtained by the Fund defendants against Country Imported and the bankruptcy dismissal notice, *see* Carney Decl., Exs. C&D, as a "sampling of the efforts of the Fund Defendant to pursue the Employer for contributions." Mem. at 7.[3] While those materials indicate that the Fund took some action, they do not alone establish that the Fund took sufficient action to defeat plaintiff's claim of breach of fiduciary duty as a matter of law. At most, those

---

[3]I have considered the judgment and bankruptcy court notice as judicial documents; I have not considered additional extraneous evidence, such as the asset search results, for the reasons set forth above.

materials simply highlight a factual dispute to be addressed through discovery. Defendants' conclusion that they have diligently sought the benefit contributions owed by Country Imported is a contention of fact, not of law, and is insufficient to compel a finding that the cause of action be dismissed. It is recommended that the motion to dismiss this claim also be denied.

### B. Breach of Fiduciary Duty Owed to Plaintiff

Plaintiff's claim for breach of fiduciary duty owed to him is based on §502(a)(3) of ERISA, which allows a plan participant to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. §1132 (a)(3). Although money damages alone are not available under this section, *see, e.g., Krauss v. Oxford Health Plans, Inc.,* 517 F.3d 614, 630 (2d Cir. 2008), plaintiff seeks "retroactive promised benefits," which are not monetary damages payable to him but rather relief directed at compelling the Fund to pay benefits to providers on his claims pursuant to the terms of the Plan.

It is clear that on a motion to dismiss under Rule 12 (b)(6), the movant bears the burden of proof. *See, e.g., Whitfield v. Imperatrice,* 2010 WL 6032636, at *3 (E.D.N.Y. Sept. 17, 2010). Defendants fail to address this cause of action separately in their Memorandum of Law, but rather lump it together with their arguments regarding the claim for breach of fiduciary duty owed to all plan participants. They do include some argument in their Reply Memorandum, but that argument consists of a single paragraph of conclusory statements completely devoid of legal support. As such, I find that they have failed to carry their burden and recommend that the motion to dismiss this claim be denied.

## V. Interference with ERISA Rights

The final claim asserted against the Fund defendants is that they sought refund of claims paid for services performed in December 2009 in retaliation for plaintiff's commencement of this lawsuit and thus violated §510 of ERISA, 29 U.S.C. §1140. This provision "protects against (1) adverse action to punish the prior exercise of benefit rights; (2) adverse action to prevent the future vesting or enjoyment of benefit rights; and (3) adverse action to 'prevent or punish the giving of testimony in any proceeding relating to ERISA or a sister act.'" *Infantolino v. Joint Indus. Bd. of the Elec. Indus.,* 2007 WL 879415, at *7 (E.D.N.Y. Mar. 15, 2007) (quoting *Sandberg v. KPMG Peat Marwick, L.L.P.,* 111 F.3d 331, 334 (2d Cir. 1997)).

Defendants' arguments for dismissing this claim are, yet again, completely devoid of legal authority and discussion, but rather focus on factual contentions. *See* Mem. at 7; Reply Mem. at 6. Although there may be legal arguments as to whether this cause of action is available against a non-employer, defendants fail to make them, and I decline to construct those arguments on their behalf. Accordingly, I recommend that the motion to dismiss this cause of action be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov.

20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
August 30, 2011

                                                                                           /s/ William D. Wall
                                                                                           WILLIAM D. WALL
                                                                                           United States Magistrate Judge