FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ FEB 22 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOHN BADALAMENTI,

                    Plaintiff(s),

-against-

COUNTRY IMPORTED CAR CORP. d/b/a
BMW OF THE HAMPTONS AND MINI OF
THE HAMPTONS, et al.,

                     Defendant(s).
-------------------------------------------------------X

**ORDER**
CV 10-4993 (SJF) (GRB)

**SANDRA J. FEUERSTEIN, United States District Judge:**

Before the court are plaintiff's motions for default judgment against defendants Vincent Caruso and Michael Caruso. *See* Docket Entry ("DE") [27], [28]. For the reasons set forth herein, the motions are denied.

## DISCUSSION

Plaintiff John Badalamenti ("Badalamenti") filed his original Complaint with the court on October 29, 2010. *See* DE [1]. The Affidavit of Service filed by plaintiff indicates that the original Complaint was personally served upon Vincent Caruso on November 2, 2010. DE [20]. There is no indication on the docket that plaintiff ever served Michael Caruso with the original complaint.

On November 18, 2010, prior to the filing of any answers or even the expiration of the time within which to do so, plaintiff filed an Amended Complaint. *See* DE [3]. The Affidavit of Service filed by plaintiff indicates that the Amended Complaint was served upon Michael Caruso on January 5, 2011 by personal delivery to a person of suitable age and discretion at his place of

1

business and a subsequent mailing. *See* DE [21]. Plaintiff concedes that the Amended Complaint was never served upon Vincent Caruso. *See* DE [41].

Motion for default of defendant Vincent Caruso

On February 8, 2011, plaintiff moved for a Clerk's entry of a default against Vincent Caruso. DE [23]. On February 9, 2011, a Clerk's Notation of Default was issued based upon the November 2, 2010 service of the original summons and Complaint on Vincent Caruso. *See* DE [24]. On July 15, 2011, plaintiff moved for a default judgment against Vincent Caruso. *See* DE [27].

Plaintiff's motion seeking a default judgment against Vincent Caruso on the original complaint must fail because, *inter alia*, the original complaint was superceded by the Amended Complaint before the expiration of the time within which Vincent Caruso had to answer the original complaint. See, e.g. Lemon Tree Dev. LLC v. Philopatyr Corp., 2011 WL 6396624, at *1 (E.D.N.Y. Dec. 20, 2011); Visnai v. United Homes of New York, Inc., 2009 WL 931178, at * 2 (E.D.N.Y. Apri. 3, 2009). Having amended the Complaint prior to any default by Vincent Caruso, plaintiff may not pursue a default judgment on the original pleading. See Lemon Tree Dev., 2011 WL 6396624, at *2. Accordingly, plaintiff's failure to serve Vincent Caruso with the Amended Complaint, as required by Rule 5(a)(1)(B) of the Federal Rules of Civil Procedure, prevents the entry of a default against him. Therefore, plaintiff's motion seeking a default judgment against Vincent Caruso is denied and the Clerk's entry of default against defendant Vincent Caruso, DE [24], is set aside.

Plaintiff cites to one (1) unreported case from this Court, Finkel v. Hall-Mark Electrical

Supplies Corp., 2009 WL 3401747 (E.D.N.Y. 2009), for the proposition that he can pursue a default judgment against Vincent Caruso based upon his failure to answer the original complaint, DE [41], notwithstanding the failure to properly serve Vincent Caruso with the amended complaint. However, Finkel is inapposite because, *inter alia*, in that case, the defendant had already defaulted on the original complaint by the time the plaintiff filed his first amended complaint naming additional defendant(s) and had also defaulted on the first amended complaint when the plaintiff filed his second amended complaint adding additional defendant(s). Thus, pursuant to Rule 5(a)(2), the plaintiff was not required to serve the amended complaints upon the defaulting defendant.

In any event, the entry of a default judgment against Vincent Caruso is improper since it has come to the Court's attention that he passed away on January 18, 2012. See Bernhard v. County Ford Ltd., No. 10-cv-4128 (ADS)(GRB). Accordingly, the parties are hereby directed to file a motion for substitution pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, or a stipulation voluntarily withdrawing the claims against Vincent Caruso, on or before May 24, 2012.

## Motion for default of defendant Michael Caruso

Unlike Vincent Caruso, Michael Caruso was properly served with the operative complaint in this case, i.e., the amended complaint. Nonetheless, the motion for a default judgment is defective because plaintiff failed to append a Clerk's entry of the default.

Rule 55(a) requires the clerk of the court to first enter a party's default prior to application for a default judgment. Fed. R. Civ. P. 55(a); see also Meehan v. Snow, 652 F.2d 274, 276 (2d

3

Cir. 1981) (noting that the procedures set forth in the Federal Rules "begin with the entry of a default by the clerk upon a plaintiff's request"); *Holness v. Nat'l Mobile Television, Inc.*, 2011 WL 1059115, at *2 (E.D.N.Y. Jan. 6, 2011) (characterizing entry of default by clerk of the court as one of the "procedural prerequisites" to be satisfied). The Local Civil Rules further illustrate the requirement of the issuance of a Clerk's certificate of default preceding a motion for default judgment. *See* Local Civ. R. 55.1, 55.2. Indeed, the rules require that the Clerk's certificate of default be appended to the motion. Local Civ. R. 55.2. This technicality alone supports denial of plaintiff's motion for a default judgment. See Monahan v. Pena, 2009 WL 2579085, at *6 n.8 (E.D.N.Y. Aug. 18, 2009); Eisenberg v. Dist. Attorney of Cnty. of Kings, 847 F. Supp. 1029, 1033 (E.D.N.Y. 1994).

In pursuing a default against Vincent Caruso, plaintiff first sought entry of that defendant's default; he did not do so regarding Michael Caruso. Instead of first seeking the Clerk's entry of Michael Caruso's default, plaintiff instead proceeded directly to the filing of a for default judgment against Michael Caruso and attached a proposed Clerk's Notation of Default to the motion itself. *See* DE [28] and [41]. Although courts have, in some instances, overlooked the technical failure to obtain the entry of default granted a default judgment motion, see, e.g., LaBarbera v. Fed. Metal & Glass Corp., 666 F. Supp. 2d 341, 347 (E.D.N.Y. 2009), it is not warranted here because, *inter alia*, the determination of damages in this case would be deferred due to the presence of non-defaulting defendants against whom plaintiff alleges joint and several liability based upon the breach of their respective fiduciary duties. See, e.g. Harvey v. Home Savers Consulting Corp., 2008 WL 724152, at *1 (E.D.N.Y. Mar. 17, 2008) (deferring a determination of damages where there were non-defaulting defendants and the plaintiff sought

4

joint and several liability "in order to avoid the problems of dealing with inconsistent damage determinations."); Long Island Hous. Servs. v. Greenview Prop., Inc., 2008 WL 150222, at *2 (E.D.N.Y. Jan. 11, 2008) (noting that "[w]hen there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved").

Accordingly, plaintiff's motion seeking a default judgment against defendant Michael Caruso is denied without prejudice to renewal upon compliance with the all applicable rules.

Conclusion

For the foregoing reasons, plaintiff's motions for a default judgment against Vincent Caruso and Michael Caruso are denied.

SO ORDERED.

                                                    Sandra J. Feuerstein
                                                  United States District Judge

Dated: Central Islip, New York
        February  , 2012