UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOHN BADALAMENTI,

                Plaintiff,

                        **ORDER**
    -against-                  CV-10-4993(SJF)(WDW)

COUNTRY IMPORTED CAR CORP. d/b/a
BMW OF THE HAMPTONS AND MINI OF THE
HAMPTONS, LOCAL 210 UNITY WELFARE FUND,
TRUSTEES OF LOCAL 210 WELFARE FUND,
DOMINICK FORMISANO, as Plan Administrator of
Unity Welfare Fund, MICHAEL CARUSO and
VINCENT CARUSO,

                Defendants.
------------------------------------------------------------X

FEUERSTEIN, J.

On October 29, 2010, plaintiff John Badalamenti ("plaintiff") commenced this action against defendant Country Imported Car Corp., d/b/a BMW of the Hamptons and Mini of the Hamptons ("Country Imported"); Local 210 Unity Welfare Fund and Trustees of Local 210 Welfare Fund (collectively, "the Fund"); Dominick Formisano ("Formisano"), as plan administrator of Unity Welfare Fund; and Michael Caruso ("M. Caruso") and Vincent Caruso ("V. Caruso") (collectively, "the Carusos"), pursuant to, *inter alia*, Sections 409 and 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, and Sections 191-c and 193 of the New York Labor Law ("NYLL"). On December 1, 2010, plaintiff filed an amended complaint against the same defendants, *inter alia*, asserting an additional claim against the Fund pursuant to Section 510 of ERISA. Pending before the Court are: (1) plaintiff's motions (a) for an extension of time to serve the summons and amended complaint upon M.

1

Caruso (Doc. No. 60) and (b) to substitute M. Caruso, as executor of the last will of V. Caruso, for V. Caruso, deceased (Doc. Nos. 64 and 70); and (2) M. Caruso's motion for reconsideration of an April 23, 2012 order setting aside the judgment dismissing this case. For the reasons set forth below, plaintiff's motions are granted and M. Caruso's motion is denied.

I.   Background

In his amended complaint, plaintiff seeks, *inter alia*: (1) penalties based upon Formisano's failure to produce requested documents (first claim for relief pursuant to Section 502(a)(1)(A) of ERISA against Formisano only); (2) payment of benefits, attorney's fees and costs (second claim for relief pursuant to Section 502(a)(1)(B) of ERISA against Formisano and the Fund and seventh claim for relief pursuant to Section 510 of ERISA against the Fund); (3) damages, including restitution and disgorgement, for breach of fiduciary duty (third and fourth claims for relief pursuant to Sections 409 and 502 of ERISA against Formisano and the Fund and all defendants except Country Imported, respectively); and (4) damages for willfully (a) failing to pay plaintiff earned commissions in violation of Section 191-c of the NYLL and (b) making unlawful deductions from plaintiff's paycheck in violation of Section 193 of the NYLL (fifth and sixth causes of action, respectively, against Country Imported and the Carusos). The executed summonses filed by plaintiff on February 2, 2011 indicate, in pertinent part: (1) that V. Caruso was personally served with a summons, complaint and "civil cover sheet" on November 2, 2010; and (2) that M. Caruso was served with a summons and the amended complaint by delivering copies of each to "Kathy Gallagher– Assistant" ("Gallagher"), a person of suitable age and discretion, at his "actual place of business," located at 876A Millstone Road, Sag Harbor, New York ("the Millstone address"), on January 6, 2011, and by mailing copies thereof to him on

January 11, 2011.

On February 2, 2011, Formisano and the Fund moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. That motion was referred to the Honorable William D. Wall, United States Magistrate Judge, for a report and recommendation.

On February 9, 2011, upon plaintiff's motion, the Clerk of the Court entered the default of V. Caruso. On July 17, 2011 and July 19, 2011, plaintiff moved for default judgments against V. Caruso and M. Caruso, respectively. Those motions were also referred to Magistrate Judge Wall for reports and recommendations.[1]

By order dated September 28, 2011, I adopted Magistrate Judge Wall's report and recommendation, dated August 30, 2011, and denied Formisano's and the Fund's motion to dismiss. On October 11, 2011, Formisano and the Fund filed their answer to the amended complaint. On November 10, 2011, Formisano and the Fund filed an amended answer to the amended complaint.

On January 25, 2012, Magistrate Judge Brown issued an electronic order with respect to plaintiff's motions seeking default judgments against the Carusos, *inter alia*: (1) advising (a) that there was no indication on the Court's docket that V. Caruso had ever been served with the amended complaint and (b) that there was no Clerk's entry of default as to M. Caruso; and (2) directing plaintiff (a) to provide proof of service of the amended complaint upon V. Caruso and (b) to secure the requisite Clerk's entries of default by February 1, 2012. On February 1, 2012,

---

[1] This action was subsequently reassigned to the Honorable Gary R. Brown, United States Magistrate Judge, before any reports and recommendations issued on plaintiff's motions for default judgments against the Carusos.

plaintiff responded to Magistrate Judge Brown's order by indicating, *inter alia*: (1) that V. Caruso had never been served with the amended complaint; and (2) that the request for a Clerk's entry of default against M. Caruso was improperly attached to the motion seeking entry of a default judgment against M. Caruso. See Fed. R. Civ. P. 55(a); Local Civ. R. 55.1, 55.2. On that same date, I vacated the order referring the motions for default judgments against the Carusos to the Magistrate Judge.

By order dated February 22, 2012: (1) plaintiff's motions for default judgments against the Carusos were denied; and (2) the parties were directed to file, *inter alia*, a motion for substitution pursuant to Rule 25(a) of the Federal Rules of Civil Procedure on or before May 24, 2012, since it had come to the Court's attention that V. Caruso had passed away on January 18, 2012.

On February 23, 2012, a pretrial conference was held before me at which counsel for plaintiff and for Formisano and the Fund ("defense counsel") were present and M. Caruso appeared *pro se*. During that conference, a further pretrial conference was scheduled to be held before me on March 26, 2012 at 11:15 a.m. Nonetheless, plaintiff's counsel failed to appear at the March 26, 2012 pretrial conference, as a result of which I granted defense counsel's motion to dismiss this case for failure to prosecute. Judgment was entered in favor of defendants on March 28, 2012.

By order dated April 23, 2012, I granted plaintiff's motion to set aside the judgment and reopened this case, conditioned upon plaintiff's counsel's agreement to pay the costs incurred by defense counsel in connection with his appearance at the March 26, 2012 conference. Defense counsel was directed to submit a bill for costs.

Pending before the Court are: (1) plaintiff's motions (a) for an extension of time to serve

4

a summons and the amended complaint upon M. Caruso (Doc. No. 60) and (b) to substitute M. Caruso, as executor of the last will of V. Caruso, for V. Caruso, deceased (Doc. Nos. 64 and 70); and (2) M. Caruso's motion for reconsideration of the April 23, 2012 order setting aside the judgment dismissing this case for failure to prosecute.

II.  Discussion

    A.  Reconsideration

M. Caruso's motion for reconsideration was timely served upon counsel for all parties that appeared in this action on May 3, 2012. See Local Civ. R. 6.3 (A "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion * * *. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.") In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992); see also Anwar v. Fairfield Greenwich Ltd., 283 F.R.D. 193, 195-96 (S.D.N.Y. 2012); McGuiness v. East West Industries, 857 F. Supp. 2d 259, 267 (E.D.N.Y. 2012). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Anwar, 283 F.R.D. at 196. It is within the sound

discretion of the district court whether or not to grant a motion for reconsideration. See King County, Wash. v. IKB Deutsche Industriebank AG, 863 F. Supp. 2d 317, 319 (S.D.N.Y. 2012); Butto v. Collecto Inc., 845 F. Supp. 2d 491, 494 (E.D.N.Y. 2012).

Although plaintiff's notice of motion seeking to set aside the judgment indicated that M. Caruso had until April 13, 2012 within which to serve papers in opposition thereto, I granted plaintiff's motion at a status conference on April 12, 2012, prior to the filing of M. Caruso's opposition papers. Accordingly, M. Caruso's motion for reconsideration is granted. Nonetheless, upon consideration of M. Caruso's papers in opposition to plaintiff's motion to set aside the judgment, I adhere to my original determination to set aside the judgment for the reasons set forth below.

B.   Failure to Serve M. Caruso

M. Caruso contends that plaintiff's failure to properly serve him with the summons and amended complaint, coupled with plaintiff's failure to appear at the March 26, 2012 pretrial conference and to obtain a Clerk's certificate of default upon moving for a default judgment against him, justified the dismissal of the amended complaint for failure to prosecute.

M. Caruso contends that he was never properly served with the amended complaint and submits affidavits from himself and Gallagher indicating, *inter alia*, that Gallagher has not worked for him or any of his businesses since June 9, 2010; and that the Millstone address was Gallagher's personal residence at all relevant times, at which M. Caruso neither lived nor worked. In addition, Gallagher states: (1) that she told the process server that she did not work for M. Caruso, he did not live at the Millstone address and she would not accept service on his behalf; (2) that the process server did not leave any papers with her; and (3) that she never

6

received any mail at the Millstone address that was addressed to M. Caruso or anyone else in connection with this action.

Plaintiff contends that service of the amended complaint upon M. Caruso was proper because, according to the process server's affidavit of service, Gallagher identified herself to the process server as M. Caruso's assistant. (Memorandum in Support of Motion for an Order Extending the Time for Service upon M. Caruso ["Plf. Mem."], at 2). Nonetheless, plaintiff seeks an extension of time to effect service upon M. Caruso "in the interest of avoiding the time and expense of a traverse hearing." (Plf. Mem., at 3).

Rule 4(c) of the Federal Rules of Civil Procedure provides, in relevant part, that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) * * *" and Rule 4(l) of the Federal Rules of Civil Procedure requires proof of service, in the form of a server's affidavit, to be made to the court, unless service is waived in accordance with Rule 4(d).

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> "If a defendant is not served within 120 days after the complaint is filed, the court– on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. * * *"

Thus, pursuant to Rule 4(m), "[i]f the plaintiff fails to serve a defendant within 120 days of the filing of the complaint, the court, upon motion or *sua sponte*, must either dismiss the action [against that defendant] without prejudice or order that service be made within a specified time." Thomas v. Shinseki, No. 09-cv-4900, 2011 WL 4753525, at * 3 (E.D.N.Y. Oct. 6, 2011). "[D]istrict courts have discretion to grant extensions, and may do so even in the absence of 'good cause.'" Meilleur v. Strong, 682 F.3d 56, 61 (2d Cir. 2012), cert. denied, 2012 WL 4373190

7

(Nov. 26, 2012); see also Gerena v. Korb, 617 F.3d 197, 201 (2d Cir. 2010).

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual defendant may be served pursuant to the law of the State where either the district court is located or service is made; or by personal service, leaving copies of the summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or delivering copies of the summons and complaint to an authorized agent for service of process. Since the process server's affidavit of service indicates that M. Caruso was served by leaving copies of the summons and amended complaint at his "actual place of business," service would only be proper if made pursuant to New York law.

Section 308 of the New York Civil Practice Law and Rules provides, in relevant part, that an individual may be served "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business * * *." Section 308(6) defines "actual place of business" to include "any location that the defendant, through regular solicitation or advertisement, has held out as its place of business."

"New York courts have construed 'actual place of business' to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by her with that place of business." TAGC Management, LLC v. Lehman, 842 F. Supp. 2d 575, 582 (S.D.N.Y. 2012) (quotations and citation omitted); see also Meyer v. Ahmad, No. 08-cv-5147, 2009 WL 6055842, at * 2 (E.D.N.Y. Oct. 1, 2009), report and recommendation adopted by 2010 WL 1005853

8

(E.D.N.Y. Mar. 17, 2010); Velez v. Vassallo, 203 F. Supp. 2d 312, 325 (S.D.N.Y. 2002). "[S]ervice is proper at any address that may have been established by the defendant solely for the convenience of receiving business correspondence and is not a place where any of the defendant's actual business activities are conducted." TAGC Management, 842 F. Supp. 2d at 583 (quotations and citations omitted); see also Unite Nat. Retirement Fund v. Ariela, Inc., 643 F. Supp. 2d 326, 327 (S.D.N.Y. 2008); Velez, 203 F. Supp. 2d at 325-26.

M. Caruso rebutted the presumption of proper service raised by the process server's affidavit of service by submitting sworn affidavits of both M. Caruso and Gallagher indicating, *inter alia*, that the Millstone address was neither M. Caruso's usual place of abode or dwelling place,[2] nor his actual place of business. See, e.g. Old Republic Ins. Co. V. Pacific Financial Services of America, Inc., 301 F.3d 54, 57-8 (2d Cir. 2002). Plaintiff, however, waives his right to a traverse hearing on the issue of proper service and instead seeks an extension of time within which to properly serve M. Caruso with a summons and the amended complaint.

Although the amended complaint was filed on December 1, 2010, plaintiff did not seek an extension of time to properly serve M. Caruso with a summons and the amended complaint until April 20, 2012, more than one (1) year after the one hundred twenty (120) day period

---

[2] The process server's affidavit of service identifies the Millstone address as M. Caruso's "actual place of business, not his "dwelling place" or "usual place of abode." "A person's dwelling or place of abode must be established through a degree of permanence and stability for service to be proper." First Tennessee Bank, N.A. v. Black, No. 10-cv-4925, 2011 WL 7428818, at * 1 (E.D.N.Y. Sept. 9, 2011), report and recommendation adopted by 2012 WL 628616 (E.D.N.Y. Feb. 27, 2012) (quotations and citation omitted). "[A] person can have two or more 'dwelling houses or usual places of abode' provided each contains sufficient indicia of permanence." National Development Co. v. Triad Holding Corp., 930 F.2d 253, 257 (2d Cir. 1991); see also Jaffe and Asher v. Van Brunt, 158 F.R.D. 278, 280 (S.D.N.Y. 1994). Plaintiff has not submitted any proof from which it may reasonably be inferred that the Millstone address was M. Caruso's "dwelling place" or "usual place of abode."

prescribed by Rule 4(m) had expired. Although plaintiff claims to have "encountered various obstacles in his attempts to serve" M. Caruso, (Memorandum in Opposition to Defendant's Motion for Reconsideration of this Court's Order Setting Aside the Dismissal of this Action ["Reconsider Opp."], at 2), the only obstacles he identifies are steps he took to prosecute this action on or after March 30, 2012, e.g., his motion to set aside the judgment dismissing this action based upon his failure to appear at the March 26, 2012 pretrial conference. Contrary to plaintiff's contention, he has not established good cause for the failure to properly effect service of a summons and the amended complaint upon M. Caruso.

Nonetheless, since M. Caruso never sought dismissal of the amended complaint as against him prior to plaintiff's motion for an extension of time, and this Court never provided plaintiff with notice that the amended complaint would be dismissed as against M. Caruso for failure to properly serve him in accordance with Rule 4(m),[3] plaintiff's motion for an extension

---

[3] M. Caruso has not forfeited the defense of improper service because he did not delay in challenging the Court's personal jurisdiction over him. See generally Datskow v. Teledyne, Inc., Continental Products Division, 899 F.2d 1298, 1303 (2d Cir. 1990) ("A delay in challenging personal jurisdiction by motion to dismiss [may] result[] in waiver, even where * * * the defense was asserted in a timely answer * * *."); see also Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 60 (2d Cir. 1999) ("[T]he issue is more properly considered one of forfeiture than of waiver.") M. Caruso has not filed an answer and did not appear in this action until February 23, 2012, when he appeared *pro se* for a pretrial conference. At that conference, I advised plaintiff's counsel that if he did not properly move for a default judgment against M. Caruso, I would consider dismissing the amended complaint against him for lack of jurisdiction. M. Caruso again appeared *pro se* at the next pretrial conference on March 26, 2012, but plaintiff did not appear at that conference. On April 12, 2012, less than two (2) months from his first *pro se* appearance in this action, M. Caruso served his opposition to plaintiff's motion to set aside the judgment dismissing this case, in which he raised the issue of improper service. On May 3, 2012, counsel for M. Caruso filed a notice of appearance, (Doc. No. 57), and served a motion seeking reconsideration of the April 23, 2012 order, in which he again raised the issue of improper service. Moreover, counsel for M. Caruso has objected at all times to proceeding with this action during the pendency of his motion for reconsideration and, thus, his participation in discovery in accordance with this Court's directive does not constitute a forfeiture of his right to contest personal jurisdiction.

10

of time to serve M. Caruso with the summons and amended complaint is granted. See, e.g. Meilleur, 682 F.3d at 61 ("In the Rule 4(m) context, a district court abuses its discretion when, among other things, it dismisses a complaint *sua sponte* for lack of service without first giving notice to the plaintiff and providing an opportunity for her to show good cause for the failure to effect timely service."); Nagy v. Dwyer, 507 F.3d 161, 164 (2d Cir. 2007). Plaintiff must serve and file M. Caruso with the summons and amended complaint **on or before December 21, 2012**, or the amended complaint will be dismissed **with prejudice** as against M. Caruso pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. See, e.g. Thomas, 2011 WL 4753525, at * 4 (holding that although Rule 4(m) provides for dismissal without prejudice, a dismissal with prejudice pursuant to Rule 41(b) may be warranted where the plaintiff fails to comply with a court order granting the plaintiff an extension of time to serve the complaint beyond the one hundred twenty (120) day period); Sanchez v. Bushrod, No. 98 Civ. 3830, 2002 WL 230831, at * 3 (S.D.N.Y. Feb. 15, 2002).

C.  Failure to Prosecute

A district court may *sua sponte* dismiss a complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for, *inter alia*, failure to prosecute. See Martens v. Thomann, 273 F.3d 159, 179 (2d Cir. 2001); see also Thomas, 2011 WL 4753525, at * 2 ("[A] district court has the inherent power to dismiss a case, *sua sponte*, for lack of prosecution.") Similarly, a court may dismiss an action for the plaintiff's failure to appear at a scheduling or other pretrial conference pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 n. 8, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (stating that, generally, a court may impose sanctions under the Federal Rules of Civil Procedure, including, *inter alia*, Rule 16(f));

11

Houghton v. Culver, 467 Fed. Appx. 63, 64-5 (2d Cir. Mar. 20, 2012) (summary order) (recognizing that Rule 16(f) authorizes dismissal of action as a sanction for failure to participate in pretrial conferences).

In considering whether to dismiss an action for failure to prosecute, courts must consider the following factors, although no one factor is dispositive: (1) the duration of the plaintiff's failure; (2) whether the plaintiff was on notice that the delay would result in dismissal; (3) whether the defendant is likely to be prejudiced by any further delay in the proceedings; (4) whether the court's interest in managing its docket outweighs the plaintiff's interest in receiving an opportunity to be heard; and (5) whether a lesser sanction is available and would be effective. See Baffa v. Donaldson, Lufkin & Jenrette Securities Corp., 222 F.3d 52, 62-3 (2d Cir. 2000); also Passe v. New York City Department of Corrections, 377 Fed. Appx. 106, 107 (2d Cir. May 18, 2010) (summary order). In addition, dismissal pursuant to Rule 16(f) requires a finding of willfulness, bad faith or fault on the part of the plaintiff. See, e.g. Middleton v. U.S., No. 10-cv-6057, 2011 WL 7164452, at * 7 (E.D.N.Y. June 28, 2011), report and recommendation adopted by 2012 WL 394559 (E.D.N.Y. Feb. 7, 2012); Lediju v. New York City Department of Sanitation, 173 F.R.D. 105, 112 (S.D.N.Y. 1997); see also Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302-3 (2d Cir. 2009) (Rule 37(b) dismissal).

### 1. Duration

Although plaintiff has not established good cause for his failure to properly effect service of process upon M. Caruso, or seek an extension of time to do so for more than one (1) year following the expiration of the one hundred twenty (120) day period provided by Rule 4(m) of the Federal Rules of Civil Procedure, his failure to appear at the March 26, 2012 pretrial

12

conference, which was the basis for the Rule 41(b) dismissal, was only a one (1) time occurrence. Plaintiff promptly moved to set aside the judgment dismissing this case, and has otherwise taken steps to prosecute this action, since the judgment was vacated. Accordingly, the duration of plaintiff's failure to prosecute, i.e., to appear for one (1) pretrial conference before me, favors setting aside the judgment dismissing this action.

2. Notice

Plaintiff was not expressly notified that his failure to prosecute this action or to appear at a scheduled pretrial conference would result in dismissal of this action. Accordingly, this factor also favors setting aside the judgment dismissing this action.

Plaintiff is advised, however, that his failure to appear at any future pretrial conferences scheduled before me in this action may result in dismissal of this action with prejudice pursuant to Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure.

3. Prejudice

This action cannot proceed against M. Caruso until he is properly served with the amended complaint, or against any party expeditiously unless plaintiff appears at scheduled conferences and diligently proceeds with discovery. When a plaintiff unreasonably delays in prosecuting an action, prejudice to the defendant may be presumed. Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982); see also Wubayeh v. City of New York, 320 Fed. Appx. 60, 62 (2d Cir. Apr. 8, 2009) (summary order); Murray v. New York City Department of Corrections, 298 Fed. Appx. 62, 63 (2d Cir. Oct. 29, 2008) (summary order); Europacific Asset Management Corp. v. Tradescape, Corp., 233 F.R.D. 344, 353-54 (S.D.N.Y. 2005); In re Folks,

13

210 B.R. 674, 676-77 (E.D.N.Y. 1997). However, this is a rebuttable presumption. See U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 257 (2d Cir. 2004); Wubayeh, 320 Fed. Appx. at 62; Thomas, 2011 WL 4753525, at * 5.

M. Caruso has submitted an affidavit indicating that he will be "severely prejudiced" by allowing this case to go forward because Country Imported, his corporation, was declared bankrupt on June 9, 2012 and foreclosed upon on June 10, 2010, and he vacated the business premised with the "understanding that the books and records of [Country Imported] now belong to the new owners." (Affidavit of M. Caruso dated May 1, 2012 ["Caruso 5/1/12 Aff."], ¶ 7). According to M. Caruso, "[h]ad [he] been apprized of this lawsuit in November, 2012, it might have been possible for [him] to retrieve and review books and records relevant to [his] defense of this action" and, thus, "by delaying service of process in this case, Plaintiff has made it extremely difficult, if not impossible, to adequately defend this case." (Id.) However, M. Caruso's claim of prejudice is pure speculation, e.g., "it might have been possible," and, in any event, is disingenuous because Country Imported was foreclosed upon more than four (4) months prior to the commencement of this action. Absent any showing of actual prejudice to M. Caruso, this factor only slightly favors dismissing this action for failure to prosecute. See, e.g. LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001).

4.  Docket Management

Although the Second Circuit has recognized a "strong policy favoring prompt disposition of cases," Lyell Theatre, 682 F.2d at 43; see also Seabrook v. City of New York, 236 F.R.D. 123, 125 (E.D.N.Y. 2006); Thomas, 2011 WL 4753525, at * 6 ("[T]here is a strong interest of this Court in calendar management while simultaneously balancing a plaintiff's due process rights."),

14

it is not so strong as to warrant dismissal of the amended complaint in this case, particularly given "the importance of allowing the [p]laintiff a fair chance to be heard." Thomas, 2011 WL 4753525, at * 6; see, e.g. Jackson v. City of New York, 22 F.3d 71, 76 (2d Cir. 1994).

5. Availability of a Lesser Sanction

Dismissal is a "harsh remedy" to be exercised sparingly. See Lewis, 564 F.3d at 575-6; Agiwal, 555 F.3d at 302. Moreover, the "less draconian," Baffa, 222 F.3d at 63, sanction of imposing defense counsel's costs upon plaintiff's counsel for his failure to appear at the March 26, 2012 conference should be effective in inducing plaintiff's counsel to diligently prosecute this case henceforth. In fact, plaintiff's counsel has appeared for every scheduled pretrial conference since the March 26, 2012 conference.

For all of the foregoing reasons, M. Caruso's motion for reconsideration of the April 23, 2012 order granting plaintiff's motion to set aside the judgment dismissing this action for failure to prosecute is granted, but, upon reconsideration, I adhere to my original determination to set aside the March 28, 2012 judgment.

D. Substitution

Plaintiff moves pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure to substitute M. Caruso, as executor of the last will of V. Caruso, as a defendant in place of V. Caruso, deceased.

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides:

> "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days

15

after service of a statement noting the death, the action by or against the decedent must be dismissed."

(emphasis added). See <u>Unicorn Tales, Inc. v. Banerjee</u>, 138 F.3d 467, 469-70 (2d Cir. 1998). Thus, in considering a motion to substitute a party pursuant to Rule 25(a)(1), the Court must decide whether: (1) the motion was timely; (2) the claims survive the decedent's death; and (3) the party sought to be substituted for the decedent is a "proper party." See <u>Allen ex rel. Allen v. Devine</u>, Nos. 09-cv-668, 10-cv-1319, 2011 WL 5117619, at * 2 (E.D.N.Y. Oct. 25, 2011).

"A 'proper party' for substitution under Rule 25(a)(1) is either (1) a successor of the deceased party– a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party– a person lawfully designated by state authority to represent the deceased's estate." <u>Allen ex rel. Allen</u>, 2011 WL 5117619, at * 4 (emphasis added); <u>see also</u> <u>Garcia v. City of New York</u>, No. CV 08-2152, 2009 WL 261365, at * 1 (E.D.N.Y. Feb. 4, 2009); <u>Graham v. Henderson</u>, 224 F.R.D. 59, 64 (N.D.N.Y. 2004). "Whether a person is a proper 'successor or representative' of the decedent is determined by New York law." <u>Garcia</u>, 2009 WL 261365, at * 1; <u>see also</u> <u>Graham</u>, 224 F.R.D. at 64 ("The law of the forum state determines the capacity of the parties to sue and be sued * * *.")

No party has filed any opposition to plaintiff's motion for substitution. On or about April 9, 2012, M. Caruso, as executor of the last will of V. Caruso, petitioned the New York State Surrogate's Court, County of Nassau, for probate and letters testamentary. Thus, M. Caruso is a proper party for substitution. See, e.g. <u>Natale v. Country Ford Ltd.</u>, — F. Supp. 2d —, 2012 WL 4788404, * 2 (E.D.N.Y. Oct. 6, 2012). Accordingly, plaintiff's motion for substitution is granted; Michael Caruso, as executor of the last will of Vincent Caruso, is substituted as

defendant in place of V. Caruso, deceased; and the caption of this action shall be amended accordingly.

III. Conclusion

For all of the foregoing reasons, plaintiff's motions for an extension of time within which to serve a summons and the amended complaint upon M. Caruso and to substitute Michael Caruso, as executor of the last will of Vincent Caruso, as defendant in place of V. Caruso, deceased, are granted; and M. Caruso's motion for reconsideration is denied.

SO ORDERED.

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: December 5, 2012
Central Islip, New York